EMILY HOOPER, Administratrix of the Estate of GEORGE B. HOOPER, Deceased, Appellant, v. J. J. BRADBURY *et al.*, Respondents.

St. Louis Court of Appeals, March 9, 1897.

**Agency:** AUTHORITY OF AGENT: INFERENCE: JURY QUESTION. The nature and extent of the authority of an agent may be inferred from the conduct or acquiescence of the principal; and if the circumstances relied on to establish an agency afford any evidence, it is for the jury to determine their effect.

*Appeal from the Texas Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED; Judge BIGGS concurring in the result, Judge BLAND not sitting.

*Robert Lamar* for appellant.

Evidence of payment by defendant to the Gossard Investment Company was not admissible, until their authority to bind plaintiff was shown. 18 Am. and Eng. Encyclopedia Law [1 Ed.], p. 191, sec. 5; 2 Greenlf. on Ev. [13 Ed.], sec. 578; Abb. Trial Ev. 276.

The uncontradicted evidence shows that the Gossard Investment Company had no authority to collect the note; nor do the facts in evidence warrant the presumption of any such authority. The court, therefore, erred in refusing to give instruction number 1 asked by plaintiff. 1 Jones on Mort. [5 Ed.], sec. 964; *Rich v. Smith*, 60 How. Pr. (N. Y.) 157; *Cox v. Cutler*, 28 N. J. Eq. 13.

The authority to collect the interest does not warrant the presumption of authority to collect the principal, without possession of the instrument. 1 Jones on Mort., *supra; Crane v. Evans*, 1 N. Y. St. Rep. 216; *Harrison v. Burlingame*, 48 Hun, 212; *Smith v. Kidd*, 68 N. Y. 130; *Brewster v. Carnes*, 103 *Id*. 556, 9 N. E. Rep. 323; *Hollenbeck v. Stearns*, 73 Iowa, 570, 35 N. W. Rep. 643; *Cummings v. Hurd*, 49 Mo. App. 139

No payment defendant could make to the Gossard Investment Company after they had sold the note before maturity for value, could bind plaintiff, unless she gave authority to such company to receive it. *Padley v. Neil*, 35 S. W. Rep. (Mo.) 997; 2 Danl. on Neg. Inst. [2 Ed.], sec. 1227; Tied. on Com. Pap., secs. 373, 374; Story on Prom. Notes [7 Ed.] 375; R. S. 1889, sec. 2390; *Gosling v. Griffin*, 3 S. W. Rep. (Tenn.) 642; *Kernham v. Durham*, 48 Ohio St. 1; *Bates v. Martin*, 3 Mo. 367; *Gates v. Kirby*, 13 *Id*. 157; *Ins. Co. v. Cohen*, 9 *Id*. 442; *Heath v. Rodgers, Id*. 776; *Braley v. Ellis*, 71 Iowa, 155; *Clark v. Igelstrom*, 51 How. Pr.

*V. M. Hines* and *L. B. Woodside* for respondents.

There was no authority shown for A. H. Gossard to assign and transfer the note in question, and therefore there was no proof of any valid assignment of the note to plaintiff, and she could not recover thereon. *Hyde v. Larkin*, 35 Mo. App. 365.

The Gossard Investment Company was not a banking corporation, and its president had no authority to transfer its assets without authority from its board of directors. *Hyde v. Larkin, supra.*

The note is payable in gold coin. *Farwell v. Kennett*, 7 Mo. 595.

BOND, J.—This is a suit on a negotiable note assigned to plaintiff as administratrix, executed by

defendant on July 1, 1887, for $800, due five years thereafter, which together with coupon notes for the interest, was payable at the office of the payee in Kansas City, Missouri. Defendant pleaded payment. From a judgment in his favor plaintiff appealed to this court.

The circuit judge gave all the instructions asked by plaintiff, except one, to the effect that there was no evidence in the case that the payee had any authority to collect the note. The evidence tended to prove that the plaintiff resided in Exeter, New Hampshire; that the principal note and the several coupon notes for interest thereon, were taken by the payee at Kansas City, Missouri, and made payable there; that some time after their execution they were sold to the plaintiff; that it was the custom of the investment company, which succeeded to the business of the payee in the note, when it sold notes to eastern parties, to remit to the holders the amount of the interest, so that it would reach them when the notes given therefor fell due; that the holders would then return the interest notes to the investment company, and the latter would collect them. The secretary of the investment company testified that when payments on the note in suit were made the amounts thus received "were credited to her account with the Gossard Investment Company." It was undisputed that defendant paid to said company the entire principal sum due on the note in controversy. The witness did not recollect whether or not plaintiff was advised of the money thus received on her behalf by the investment company.

Taking the evidence as a whole, it admits of a legitimate inference that the investment company was the agent of plaintiff to collect the principal note, as well as the coupon notes. It is confessed that the plaintiff kept an account with the investment company,

AGENCY: authority of agent: inference: jury question.

and that the payments on the principal note were placed to her credit in said account. In the absence of any evidence to the contrary, it may be fairly assumed that she was apprised of the existence of said account in her favor. If that inference is indulged, it is evident that the payment to the depositary of the account was a payment to the agent of plaintiff, and plaintiff's adoption of the acts of the investment company in collecting her coupon notes, before they were due, afforded a reasonable basis for the belief that she would accept, through the same agent, payment of the principal note before its maturity. The evidence shows that the principal note was mostly paid before it fell due. The nature and extent of the authority of an agent may be implied or inferred from the conduct or acquiescence of the principal. *Cummings v. Hurd*, 49 Mo. App. *loc. cit.* 145. If the circumstances relied on to establish agency have any evidentiary force, their effect must be determined by the jury. Our conclusion is, that the trial judge did not err in refusing the instruction complained of, and the judgment will therefore be affirmed. It is so ordered. Judge BIGGS concurs in the result; Judge BLAND not sitting.